**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| JOHN DOE *through parent and next friend,* JANE DOE, | : |
| | : |
| *Plaintiff,* | : Case No. 1:25-cv-00792 |
| | : |
| | : Judge Jeffery P. Hopkins |
| vs. | : |
| | : |
| OAK HILLS LOCAL SCHOOL DISTRICT, *et al.,* | : |
| | : |
| *Defendants.* | : |

---

## ORDER

---

On October 31, 2025, Jane Doe, John Doe's mother and legal guardian, filed a Complaint on behalf of her minor son against Oak Hills Local School District; Daniel Boles, assistant principal of Oak Hills High School ("Oak Hills"); Kristi Murphy, teacher at Oak Hills; and Jason Canup, resource officer at Oak Hills (collectively, "Defendants"). Compl., Doc. 1. The allegations in the Complaint stem from an incident occurring on April 11, 2025, at Oak Hills. *Id.* ¶ 21. According to the Complaint, a student assaulted John Doe ("Plaintiff"), a special education student who suffers from "speech and language impairments, learning disabilities, and Spina Bifida Occulta," when the students were awaiting transportation from school. *Id.* ¶¶ 1, 8. As alleged in the Complaint, the student pulled down John Doe's shorts in the presence of other students when school staff were not present. *Id.* ¶¶ 22–23.

From there, an altercation ensued. Allegedly, the student punched John Doe five times and "knocked [him] unconscious" until Defendant Kristi Murphy discovered John Doe laying on the ground. *Id.* ¶¶ 25–26. Despite John Doe allegedly suffering a concussion and brain injury from the altercation, Plaintiff asserts that no one from the school contacted

1

emergency services or the school nurse following the incident. *Id.* ¶¶ 31, 39. Dissatisfied with the school's response, Jane Doe filed the instant action on behalf of her son asserting claims under 42 U.S.C. § 1983, the Americans with Disabilities Act, § 504 of the Rehabilitation Act of 1973, and state law claims for negligent care and supervision and negligent infliction of emotional distress claims. Before the Court is Plaintiff's Motion for Leave to Proceed Under Pseudonyms and to File Personally Identifying Information Under Seal (Doc. 4) (the "Motion"). In the Motion, Plaintiff seeks leave to prosecute his claims pseudonymously and to seal or redact any personally identifying information related to same. Doc. 4, PageID 45. For the reasons set forth below, Plaintiff's Motion (Doc. 4) is **GRANTED IN PART** and **DENIED IN PART.**

## I. LAW & ANALYSIS

The general rule provides that a complaint must name all parties. *See* Fed. R. Civ. P. 10(a). A court, however, may allow a party to proceed under pseudonym where the party's "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). In balancing these interests, the *Porter* decision requires trial courts to consider four separate factors:

> (1) whether the [individual] seeking anonymity [is] suing to challenge governmental activity; (2) whether prosecution of the suit will compel the [individual] to disclose information "of the utmost intimacy"; (3) whether the litigation compels [the individual] to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the [individual is a child].

*Id.* (citing *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)).

The first and second *Porter* factors apply in this case and both favor allowing Plaintiff to proceed in this case pseudonymously. There is no doubt that the Complaint challenges governmental activity. *See* Compl., Doc. 1. Plaintiff asserts claims against Oak Hills Local

School District and three public school employees: an assistant principal, teacher, and school resource officer. *Doe v. Reynoldsburg City Sch. Dist. Bd. of Educ.*, No. 2:25-cv-138, 2025 WL 1312279, at *2 (S.D. Ohio May 6, 2025) ("Courts frequently grant protective orders to minors who challenge governmental conduct."). Moreover, in prosecuting this action, Plaintiff will be required to disclose sensitive personal information "of the utmost intimacy," including information about John Doe's disabilities, medical conditions, and his mental health challenges that allegedly arose from and are related to the altercation that happened at his school. *Porter*, 370 F.3d at 560 (citation omitted). Compl., Doc. 1, ¶ 47 ("John [Doe] has been diagnosed with a traumatic brain injury, a concussion, PTSD, anxiety, whiplash, severe fatigue, decreased functional tolerance, and newly developed ADHD. He now struggles with memory loss, brain fog, emotional dysregulation, headaches, and neck pain."); *Id.* ¶ 40 (John Doe "was treated at the Advanced Care Clinic at Cincinnati Children's Hospital, where he is still a patient today"). *See Doe v. Mechanicsburg Sch. Bd. of Educ.*, 518 F. Supp. 3d 1024, 1027 (S.D. Ohio 2021) ("Anonymity . . . protects minors with sensitive mental health histories."); *Doe v. Pickerington Loc. Sch. Dist. Bd. of Educ.*, No. 2:25-cv-1335, 2025 WL 3290706, at *2 (S.D. Ohio Nov. 26, 2025) ("Plaintiff's educational and mental health records are central to this case, and courts routinely find that such records are of the utmost intimacy.").

With respect to the fourth factor, the Complaint states that John Doe is a minor, which the Court accepts as true at this stage in the proceedings. Compl., Doc. 1, ¶ 6. In general, courts allow both minors and their parents to proceed under pseudonyms "to protect the minor's identity." *See Doe v. Southfield Pub. Schs.*, No. 24-10760, 2024 WL 1526084, at *2 (E.D. Mich. Apr. 8, 2024) ("Courts frequently permit parents bringing suit on behalf of minors to remain anonymous, to protect the minor's identity."). *See* Doc. 4-1, PageID 49 ("Revealing

3

[Jane Doe's] identity will lead to the inevitable disclosure of John Doe's identity as John and Jane share the same last name and the District is a close-knit school community."). After weighing the *Porter* factors most relevant to this case, the scale clearly tilts in favor of Plaintiff proceeding pseudonymously.

Based on the posture of this case, the Court does not have the benefit of a response from the Defendants. Nevertheless, given the nature of the proceedings and totality of circumstances, the Court accepts as true Plaintiff's representation that his true identity is already known to Defendants. *Id.* at PageID 50. Defendants therefore will not be prejudiced if Plaintiff proceeds pseudonymously. *Doe v. Mitchell*, No. 2:20-cv-00459, 2020 WL 6882601, at *6 (S.D. Ohio Nov. 24, 2020) (finding private disclosure of plaintiff's identity to defense counsel to be a sufficient measure to protect defendants from prejudice). Accordingly, because the privacy interests in this case substantially outweigh the presumption of openness of judicial proceedings, Plaintiff will be permitted to proceed by pseudonym.

Plaintiff also seeks leave to seal or redact any personally identifying information due to the sensitive nature of the claims in this case. *See* Doc. 4-1. This request, however, falls under a different standard. A party seeking to seal court records bears the heavy burden of overcoming the "strong presumption in favor of openness" as to court records.[1] *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). This presumption arises because "[t]he public has a strong interest in obtaining the information contained in the court record . . . [including] an interest in ascertaining what evidence and records" a court relies upon in

---

[1] As provided in the Court's local rules, "[u]nless permitted by statute, parties may not file documents under seal without obtaining leave of Court upon motion and for good cause shown." S.D. Ohio Civ. R. 5.2.1.

making its decision. *Lipman v. Budish*, 974 F.3d 726, 753 (6th Cir. 2020) (citing *Brown & Williamson*, 710 F.2d at 1180–81). Indeed, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983).

In order to meet its substantial burden, the party seeking to seal court records "must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors America, Inc.*, 767 F. App'x 635, 638 (6th Cir. 2019). Under the governing Sixth Circuit authority, the moving party must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Labs*, 297 F.3d 544, 548 (7th Cir. 2002)). Likewise, when a district court elects to seal court records, it must set forth specific findings and conclusions that justify nondisclosure to the public. *Brown & Williamson*, 710 F.2d at 1176. To date, however, Plaintiff has made only a cursory request "to seal or redact personally identifying information filed in this matter" (*see* Doc. 4-1, PageID 47, 49–50) but has failed to elaborate about the documents Plaintiff wants sealed, nor "analyze[d] in detail, document by document, the propriety of secrecy, providing reasons and legal citations," as required under *Shane Grp.*[2] *Shane Grp.*, 825 F.3d at 305–06. Accordingly, the Court does not have sufficient information to grant the request.

---

[2]  The Court notes that under Rule 5.2(a) of the Federal Rules of Civil Procedure parties can redact certain information "[u]nless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only: (1) the last four digits of the social-security number and taxpayer-identification number; (2) the year of the individual's birth; (3) the minor's initials; and (4) the last four digits of the financial-account number." Fed. R. Civ. P. 5.2(a).

## II.     CONCLUSION

For the reasons stated, Plaintiff's Motion for Leave to Proceed Under Pseudonyms and to File Personally Identifying Information Under Seal (Doc. 4) is hereby **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** to the extent that all parties shall refer to John and Jane Doe only by their pseudonyms in all filings and proceedings associated with this case, except as may be otherwise ordered by the Court. However, Plaintiff's request to seal any personally identifying information is **DENIED**, except for those items designated under Rule 5.2. Consistent with the Order, additional requests to seal or redact sought by Plaintiff must be pursued by motion, and the Court will consider those motions at that time.

**IT IS SO ORDERED.**

April 30, 2026

Jeffery P. Hopkins
United States District Judge

6