**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JOHN DOE *through parent and next friend*, JANE DOE,<br><br>*Plaintiffs*,<br><br>v.<br><br>OAK HILLS LOCAL SCHOOL DISTRICT, *et al.*,<br><br>*Defendants*. | : | Case No. 1:25-cv-00792<br><br>Judge Jeffery P. Hopkins |

## OPINION AND ORDER

Defendants Oak Hills Local School District, Daniel Boles, and Kristi Murphy (together, "Defendants") move to set aside the Clerk's Entry of Default (Doc. 31) (the "Motion") issued on January 14, 2026 (Doc. 24). Plaintiff John Doe through parent and next friend, Jane Doe ("Plaintiffs"), oppose the Motion. For the reasons provided below and for good cause shown, Defendants' Motion to Set Aside Clerk's Entry of Default (Doc. 31) is **GRANTED**. Defendant Canup's unopposed Motion to Set Aside Default (Doc. 33) is also **GRANTED**. Accordingly, the Clerk's Entries of Default (Docs. 24, 26) are **VACATED** and Plaintiffs' Motion for Default Judgment (Doc. 27) is **DENIED AS MOOT**.[1] This matter will be set for a preliminary pre-trial conference by separate entry.

[1] The Court notes that Plaintiffs' briefing repeatedly characterizes the relief at issue as setting aside a "default judgment." *See* Doc. 34, PageID 195–200, 203 ("On January 14, 2026, the Clerk entered *default judgment* as to all Defendants . . . Plaintiffs respectfully request that this Court deny School Defendants' Motion to Set Aside *Default Judgment*") (emphasis added). But no default judgment has been entered in this case. The Clerk entered an *entry of default* under Rule 55(a) (Doc. 24), and Plaintiffs' Motion for Default Judgment (Doc. 27) remains pending. That distinction materially impacts the analysis. Because the Court has not entered a default judgment, the question is whether Defendants have shown "good cause" to set aside the Clerk's Entry of Default under Rule 55(c), as opposed to the stricter standard under Rule 60(b). *See Frontier Ins. Co. v. Blaty,* 454 F.3d 590, 595 (6th Cir.2006) (quoting *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 352 (6th

Federal Rule of Civil Procedure 55(c) provides that the Court "may set aside an entry of default for good cause." *See* Fed. R. Civ. P. 55(c). Three considerations guide the Court's analysis: "(1) [w]hether culpable conduct of the defendant led to the default, (2) [w]hether the defendant has a meritorious defense, and (3) [w]hether the plaintiff will be prejudiced." *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir.1992); *$22,050.00 U.S. Currency*, 595 F.3d at 324. The Court here considers all three factors in its analysis but prejudice and meritorious defense are paramount. *See $22,050.00 U.S. Currency*, 595 F.3d at 324–25. Where those two factors favor relief, only a "willful failure . . . to appear and plead" justifies denying a Rule 55(c) motion. *Id*.

**1. Prejudice**

First, Plaintiffs cannot show prejudice. Here, Plaintiffs maintain that all Defendants in this action were served in December 2025 but did not appear in the litigation until July 10, 2026—roughly seven months later. Doc. 34, PageID 195–96. Plaintiffs contend that the case would have proceeded into discovery had Defendants appeared on time, and that their delay deprived Plaintiffs of the opportunity to promptly seek relevant documents, electronic communications, and witness testimony while those materials and witness memories were still fresh. Doc. 34, PageID 200 ("School Defendants have now had nine months since notice of this suit to alter or destroy evidence or otherwise lose discoverable materials, such as electronically stored information, that would help Plaintiffs prove their case.").

---

Cir. 2003)) ("[I]t is important to distinguish between an entry of default and a default judgment. That is, a stricter standard of review applies for setting aside a default once it has ripened into a judgment . . . as reflected in Rule 60(b)."); *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010) ("[O]ur cases discussing motions to set aside default under Rule 55(c) are extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps.").

Plaintiffs also argue that Defendants' delay has affected their related administrative due-process proceeding with the Ohio Department of Education & Workforce filed on October 15, 2025, involving Oak Hills, one of the named Defendants in this case. Doc. 34, PageID 196, 200; Leader Aff., Doc. 34-1. Plaintiffs assert that they cannot resolve that administrative proceeding while this federal action remains pending, and that Plaintiffs have been unable to resolve or settle the matter principally due to Defendants' delay in this action. Doc. 34, PageID 196, 200. Finally, Plaintiffs contend that they relied on the Clerk's Entry of Default in this case, incurred costs on obtaining service and pursuing default judgment, and now must incur additional costs opposing the Motion to Set Aside Default, which has substantially prejudiced them. Doc. 34, PageID 201 ("Plaintiffs' litigation strategy, allocation of resources, and preparation for default judgment were undertaken in reliance on School Defendants' complete failure to appear or seek relief.").

None of these circumstances establish prejudice under Rule 55(c). The Sixth Circuit has routinely expressed that "delay alone is not a sufficient basis for establishing prejudice." *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) (citation omitted). "Rather, it must be shown that delay will 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *Id*. Here, Plaintiffs have identified only generalized categories of evidence that *may* have been lost during the seven-month period between service and Defendants' appearances on July 10, 2026, which is insufficient. Plaintiffs have not identified the name of a witness who may have become unavailable, a video or an electronic record that may have been deleted, or a discovery request that may no longer be pursued. Nor has a discovery deadline expired in this case; no scheduling order has even been issued.

The parties' ongoing administrative proceeding, which apparently only involves Plaintiffs and Defendant Oak Hill, does not establish prejudice either. Plaintiffs attribute the delay in this action, and the resulting delay in the related administrative proceedings, to Defendants. Doc. 34, PageID 200. Indeed, Plaintiffs submitted email correspondence, copied to Defendants' counsel, to show that he was aware that the current federal proceedings had been initiated and were ongoing. For instance, on January 20, 2026, Plaintiffs' counsel, Attorney Carla Leader, stated in an email that a pending federal case prevented settlement of the parties' administrative matter, requested an extension of the matter, and copied Defendants' counsel, William M. Deters ("Mr. Deters"). Leader Aff., Ex. A, Doc. 34-1, PageID 208 (explaining that settlement of the administrative action could not occur because of "a federal case").

Yet, Plaintiffs filed their Motion for Default Judgment in this action on January 20, 2026, the same day that email was sent—after the Clerk's Entry of Default had already been entered. Docs. 24, 26, 27. At that point, Plaintiffs were no longer awaiting Defendants' participation before moving this case forward because they asked the Court to resolve the action on *default judgment*. *See also* Leader Aff., Exs. B-C, Doc. 34-1 (discussing further extensions after motion for default judgment was filed). The administrative proceeding therefore remained extended because this federal action was pending, not simply because Plaintiffs were unable to obtain Defendants' participation in the action.

Plaintiffs' default-related expenses likewise do not establish prejudice. Plaintiffs cite the costs of obtaining service, seeking default, preparing their default-judgment motion, and opposing the present motion as establishing prejudice. The Sixth Circuit, however, has rejected that logic. *See 22,050.00 U.S. Currency*, 595 F.3d at 325 ("[I]t does not make intuitive

sense that simply claiming an increase in litigation cost should be sufficient to establish prejudice. Setting aside default will always increase litigation cost to the plaintiff because the plaintiff will actually have to litigate the case. Yet, this Court encourages setting aside default to allow for resolution on the merits, which will necessarily drive up litigation costs."); *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 842 (6th Cir. 2011) ("[Plaintiff's] concern about legal fees is similarly unpersuasive. It goes without saying that further proceedings would have such an impact."). Here, Plaintiffs identify no costs incurred beyond the ordinary costs of litigation. Plaintiffs have therefore not established prejudice.

**2. Meritorious Defenses**

Second, Defendants have identified potentially meritorious defenses. Importantly, "the key to the meritorious defense inquiry is the determination of 'whether there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *S. Elec. Health Fund v. Bedrock Servs.*, 146 F. App'x 772, 777 (6th Cir. 2005) (citation omitted and emphasis added). This is a relatively low bar. *See Dassault Systemes, SA*, 663 F.3d at 843. Here, Defendants have filed an Answer (Doc. 35) to Plaintiffs' Complaint that both admit or deny many of Plaintiffs' allegations and asserts twenty-one affirmative defenses including negligence, qualified immunity, the Political Subdivision Immunity Doctrine, failure to mitigate damages, and many more. Even if those defenses can be characterized as too generalized as stated, the Sixth Circuit has made clear that "even conclusory assertions may be sufficient to establish the 'hint of a suggestion' needed to present a meritorious defense." *Id.* Accordingly, Defendants have made the minimal showing required to establish potentially meritorious defenses.

**3. Culpability**

Third, the record does not show that Defendants acted with the culpability required to deny Rule 55(c) relief. The Court agrees that service was made to Defendants in December 2025, Docs. 16, 17, 19, and Defendants did not appear in the action until July 10, 2026. Doc. 30. Plaintiffs assert that Defendants' attorney, Mr. Deters,[2] knew about the litigation based upon his correspondence regarding the related administrative action that has been stayed during the pendency of the federal action. Doc. 34, PageID 199 (stating that "Attorney Leader did in fact inform Attorney Deters of this federal lawsuit on January 20, 2026, through email, in which she stated 'due to a federal case filed by different attorneys, we are not able to settle this case at this time . . . ' to which Attorney Deters responded, 'We have no problem with that'").

The record shows that Mr. Deters was copied on the January 20, 2026, email which references the need for an extension of the administrative action "[d]ue to a federal case." Leader Aff., Ex. A, Doc. 34-1, PageID 208. He was also copied on the March 12, 2026, email where the next day he agreed to a further extension of the deadline for the administrative proceedings. Leader Aff., Ex. B, Doc. 34-1, PageID 212–14. And finally, on June 10, 2026, Mr. Deters again agreed to extend the administrative deadline. Leader Aff., Ex. C, Doc. 34-1, PageID 216–19. Those communications clearly gave Mr. Deters notice of a related pending federal action in one of his cases, and at the very least, reasons to investigate the matter further.

[2] It should be noted, however, that Mr. Deters represents only Defendants Oak Hills Local School District, Daniel Boles, and Kristi Murphy but does not represent Defendant Jason Canup. *See* Doc. 30. Mr. Canup is represented separately by Attorney Scott A. Sollmann. *See* Doc. 32. Mr. Canup filed a separate Motion to Set Aside Default Entry (Doc. 33), which is unopposed.

Still, the culpability inquiry demands more than evidence that Defendants should have acted sooner. Indeed, "mere carelessness is not enough; rather, there must be 'either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings.'" *S. Elec. Health Fund*, 146 F. App'x at 777 (quoting *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir.1986)). Though the culpability factor does present a closer question for Defendants, nothing in the record indicates that Mr. Deters or any Defendant attempted to evade service, conceal their whereabouts, ignore an order of the Court, or gain a tactical advantage by allowing default to occur. Plaintiffs point to correspondence from Mr. Deters in the related administrative proceeding, which appears to concern only Defendant *Oak Hills*, as evidence that all Defendants had reason to know of the action. But based on Plaintiffs' exhibits, the first email identifying the federal case (which copied Mr. Deters) was sent on January 20, 2026, the same day Plaintiffs moved for default judgment. *See* Doc. 27. That correspondence therefore does not establish that Mr. Deters actually knew of this action during the period for responding to the Complaint or that he deliberately chose not to respond during that timeframe.

At most, the record here supports only carelessness, lack of professionalism, or a failure to act diligently; it does not, based on the exhibits provided, establish the high standard of an intent to thwart this action or engage in reckless disregard for this Court's proceedings. *S. Elec. Health Fund*, 146 F. App'x at 777. And as the Sixth Circuit has instructed, any remaining doubts must "be resolved in favor of the petition to set aside" the clerk's entry of default so that the litigation can be decided on its merits. *Dassault Systemes, SA*, 663 F.3d at 844 (citation omitted).

Accordingly, Defendants' Motion to Set Aside Clerk's Entry of Default (Doc. 31) is **GRANTED**. Defendant Canup's unopposed Motion to Set Aside Default (Doc. 33) is also **GRANTED**. Accordingly, the Clerk's Entries of Default (Docs. 24, 26) are **VACATED**. Plaintiffs' Motion for Default Judgment (Doc. 27) is **DENIED AS MOOT**. This action will proceed in the ordinary course, and the Court will set this matter for a preliminary pre-trial conference by separate entry.

**IT IS SO ORDERED.**

September 1, 2026

Jeffery P. Hopkins
United States District Judge